IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JAMEL EWING GREENE**                                                                        **PETITIONER**

V.                              NO. 2:23-CV-00053-DPM-ERE

**DeWAYNE HENDRIX,**
**Warden, FCI-Forrest City**                                                                **RESPONDENT**

### RECOMMENDED DISPOSITION

This Recommendation has been sent to United States Chief District Judge D.P. Marshall Jr. You may file objections to all or part of this Recommendation. Objections, if filed, should be specific and include the factual or legal basis for the objection. To be considered, objections must be filed within 14 days. If you do not file objections, you risk waiving the right to appeal questions of fact. And, if no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

**I.     SUMMARY**

On March 7, 2023, Jamel Ewing Greene, an inmate at the Federal Correctional Institution Forrest City ("FCI Forrest City"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Doc. 1*. Because the petition was difficult to understand and appeared to duplicate other petitions Mr. Greene had filed in this District, the Court gave him an opportunity to clarify his claims. On March 27, 2023,

Mr. Greene filed an amended petition, which the Court has now reviewed.

For reasons that follow, the Court recommends that the original and amended petitions in this case be dismissed without prejudice because they duplicate Mr. Greene's claims for habeas relief under consideration in another § 2241 habeas action pending in this District.

## II.   BACKGROUND

In 2012, Mr. Greene, a former Specialist in the United States Army, was convicted by a general court-martial of multiple child sex crimes and sentenced to dishonorable discharge, reduction in military grade, forfeiture of pay and allowances, and confinement for 35 years. *United States v. Greene*, No. ARMY 20120805, 2014 CCA LEXIS 838, at *3 (A. Ct. Crim. App. Oct. 28, 2014). On October 28, 2014, the Army Court of Criminal Appeals set aside one of the convictions but left the remaining convictions and sentence in place. *Id*.

On March 7, 2023, Mr. Greene initiated this case with a § 2241 petition (*Doc. 1*), which failed to assert a coherent description of claims. On March 16, 2023, the Court informed Mr. Green that: (1) as pled, his petition was subject to summary dismissal; and (2) he may not simultaneously pursue multiple habeas petitions raising the same claims. *Doc. 2* at *4-5*. As explained in that Order, Court records show that Mr. Greene has filed three previous § 2241 actions in this District, all

challenging his 2012 court martial and convictions.[1] *Id.* at *3* (describing three previously filed § 2241 habeas actions).

On March 27, 2023, Mr. Greene filed an amended petition in this case, his fourth habeas action in this District. He challenges his "illegal confinement without conviction" (*Doc. 4-1 at 2*) on the following grounds: (1) Respondent "knowingly kept him" from the clemency board (*Id. at 6-7*); (2) FCI-Forrest City administration abused him for eight years by refusing evidence (*Id. at 7*) ; and (3) FCI-Forrest City and the United States Disciplinary Barracks, are "attempting to help the Government . . . force [him into] being a sex offender, without conviction or evidence."[2] *Id.*

Mr. Greene previously filed the same claims in *Greene v. Yates*, 2-22-cv-186-

---

[1] A federal habeas court can entertain a § 2241 petition by a federal prisoner incarcerated by order of a military court-martial after all available remedies within the military court system have been exhausted. *Gilliam v. Bureau of Prisons*, 2000 WL 268491, at *2 (8th Cir. March 10, 2000) (citing in *Gusik v. Schilder,* 340 U.S. 128, (1950)). "After rendition of its verdict and sentence, the court-martial is disbanded [, and] [s]trictly speaking, a person convicted in a court-martial proceeding may not file a section 2255 challenge in the court of conviction because, following conviction, that court ceases to exist. *Id*. (citing *United States v. DuBay,* 37 C.M.R. 411, 413 n. 2 (C.M.A.1967)). In addition, while a federal court has jurisdiction over a military prisoner's habeas petition, it must "defer to the decision of the military court if that court has given fair consideration to the claims advanced in the habeas petition." *Id.* at 142–44 (citing In *Burns v. Wilson,* 346 U.S. 137, 144 (1953)).

[2] Mr. Greene also suggests that Respondent refuses to transport him to the Veterans Administration for a medical examination. *Doc. 4 at 8*. If Mr. Greene wishes to pursue a claim that he is receiving inadequate medical care (which challenges a condition, not the fact, of his confinement), the proper avenue for relief is a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He may not pursue this claim in a habeas action.

BSM-PSH. *Id*. at *Doc. 6*. On March 28, 2023, Magistrate Judge Patricia Harris issued a Recommendation proposing denial of Respondent's motion to dismiss for lack of jurisdiction. *Doc. 33*. The Recommendation remains pending before District Judge Brian S. Miller. If adopted, the case will proceed.

### III. DISCUSSION

In the ordinary case, a federal court has a "virtually unflagging obligation" to exercise jurisdiction. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). However, federal courts "retain broad powers to prevent duplicative or unnecessary litigation[,]" *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), and "may decline to exercise jurisdiction in order to prevent duplicative litigation." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc*., 259 F.3d 949, 952 (8th Cir. 2001). This case is not ordinary.

Mr. Greene's claims for habeas relief in this case mirror the claims presented in his first-filed and still pending habeas action, *Greene v. Yates*, 2-22-cv-186-BSM-PSH (*Doc. 6*). As previously explained, Mr. Greene may not simultaneously pursue multiple habeas actions raising the same or similar constitutional challenges to the same convictions.

Permitting Mr. Greene to proceed with both cases simultaneously will waste judicial resources and risk conflicting outcomes. Accordingly, the Court should decline to exercise jurisdiction over this habeas action.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Jamel Ewing Greene's § 2241 petition (*Doc. 1*) and amended petition (*Doc. 4-1*) for writ of habeas Corpus be DISMISSED without prejudice.

DATED this 25th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE